IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INDIVIOR INC., INDIVIOR UK LIMITED, and AQUESTIVE THERAPEUTICS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACTAVIS LABORATORIES UT, INC., <br><br> Defendant. | C.A. No. 18-497 (RGA) <br> CONSOLIDATED |

**PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Plaintiffs/Counterclaim-Defendants Indivior Inc. (formerly known as Reckitt Benckiser Pharmaceuticals Inc.) ("Indivior"), Indivior UK Limited (formerly known as RB Pharmaceuticals Limited) ("Indivior UK"), and Aquestive Therapeutics, Inc. (formerly known as MonoSol Rx LLC) ("Aquestive") (collectively, "Plaintiffs") herein answer the numbered paragraphs of the Counterclaims of Defendant/Counterclaim-Plaintiff Actavis Laboratories UT, Inc. ("Actavis") (formerly known as Watson Laboratories, Inc.), as alleged in Actavis' May 31, 2018 Answer, Affirmative Defenses and Counterclaims, as follows:

**THE PARTIES**

1. Admitted.

2. Indivior admits that it is a Delaware corporation having a principal place of business at 10710 Midlothian Turnpike, Suite 430, North Chesterfield, Virginia.

3. Admitted.

4. Aquestive admits that it is a Delaware corporation having a principal place of business at 30 Technology Drive, Warren, New Jersey 07059.

## JURISDICTION AND VENUE

5. Plaintiffs admit that Actavis purports to assert counterclaims pursuant to the Declaratory Judgment Act, 28 U.S. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq*. The second sentence of Paragraph 5 states a legal conclusion to which no reply is required. To the extent a reply is required, Plaintiffs do not contest that this Court has subject matter jurisdiction over Actavis' counterclaims but deny the remainder of the allegations in Paragraph 5.

6. Paragraph 6 states a legal conclusion to which no reply is required. To the extent a reply is required, Plaintiffs admit that this Court has personal jurisdiction over Indivior for purposes of this action only but deny the remainder of the allegations in Paragraph 6.

7. Paragraph 7 states a legal conclusion to which no reply is required. To the extent a reply is required, Plaintiffs admit that this Court has personal jurisdiction over Indivior UK for purposes of this action only but deny the remainder of the allegations in Paragraph 7.

8. Paragraph 8 states legal conclusions to which no replies are required. To the extent a reply is required, Plaintiffs admit that venue for this action is proper in this Court for purposes of this action only.

9. Paragraph 9 states a legal conclusion to which no reply is required. To the extent a reply is required, Plaintiffs deny Paragraph 9, except admit that an actual and justiciable controversy exists between the parties with respect to the infringement and validity U.S. Patent No. 9,855,221 (the "'221 patent").

10. Paragraph 10 states a legal conclusion to which no reply is required. To the extent a reply is required Plaintiffs admit that an actual and justiciable controversy exists between the parties with respect to the infringement and validity of U.S. Patent No. 9,931,305 (the "'305 patent"). Otherwise, Plaintiffs deny Paragraph 10.

## BACKGROUND

11.     Admitted.

12.     Paragraph 12 states a legal conclusion to which no reply is required. To the extent a reply is required, Plaintiffs deny the allegations in Paragraph 12 and state that, to the extent the allegations in Paragraph 12 characterize FDA regulations, the regulations speak for themselves.

13.     Plaintiffs admit that the '221 and '305 patents are listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") as covering Suboxone® sublingual film. Plaintiffs deny the remainder of the allegations in Paragraph 13.

## RELATED LITIGATION BETWEEN THE PARTIES

14.     Plaintiffs admit that Actavis submitted ANDA No. 204383 for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, and sale of buprenorphine hydrochloride and naloxone hydrochloride sublingual films ("proposed ANDA products") before the expiration of the '221 and '305 patents. Plaintiffs deny the remainder of the allegations in Paragraph 14.

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Plaintiffs admit that they filed a complaint in the United States District Court for the District of Utah on September 14, 2017 stating that the submission of ANDA Nos. 204383 and 207087 infringed claims of U.S. Patent No. 9,687,454. Plaintiffs deny the remainder of the allegations in Paragraph 18.

19.     Admitted.

20.     Admitted.

## COUNT I
**(Declaratory Judgment of Noninfringement of the '221 Patent)**

21. Plaintiffs incorporate their answers to Paragraphs 1–20 above, and each paragraph of their Complaint as fully set forth herein.

22. Plaintiffs deny the allegations in Paragraph 22.

23. Paragraph 23 states a legal conclusion to which no reply is required. To the extent a reply is required, Plaintiffs admit that an actual and justiciable controversy exists between the parties with respect to the infringement of the '221 patent.

24. Plaintiffs deny the allegations in Paragraph 24.

## COUNT II
**(Declaratory Judgment of Invalidity of the '221 Patent)**

25. Plaintiffs incorporate their answers to Paragraphs 1–24 above, and each paragraph of their Complaint as fully set forth herein.

26. Plaintiffs deny the allegations in Paragraph 26.

27. Paragraph 27 states a legal conclusion to which no reply is required. To the extent a reply is required, Plaintiffs admit that an actual and justiciable controversy exists between the parties with respect to the validity of the '221 patent.

28. Plaintiffs deny the allegations in Paragraph 28.

29. Paragraph 29 states a legal conclusion to which no reply is required. To the extent a reply is required, Plaintiffs deny the allegations in Paragraph 29.

## COUNT III
**(Declaratory Judgment of Noninfringement of the '305 Patent)**

30. Plaintiffs incorporate their answers to Paragraphs 1–29 above, and each paragraph of their Complaint as fully set forth herein.

31. Plaintiffs deny the allegations in Paragraph 31.

32. Paragraph 32 states a legal conclusion to which no reply is required. To the extent a reply is required, Plaintiffs admit that an actual and justiciable controversy exists between the parties with respect to the infringement of the '305 patent.

33. Plaintiffs deny the allegations in Paragraph 33.

## COUNT IV
### (Declaratory Judgment of Invalidity of the '305 Patent)

34. Plaintiffs incorporate their answers to Paragraphs 1–33 above, and each paragraph of their Complaint as fully set forth herein.

35. Plaintiffs deny the allegations in Paragraph 35.

36. Paragraph 36 states a legal conclusion to which no reply is required. To the extent a reply is required, Plaintiffs deny the allegations in Paragraph 36 except admit that an actual and justiciable controversy exists between the parties with respect to the validity of the '305 patent.

37. Plaintiffs deny the allegations in Paragraph 37.

38. Plaintiffs deny the allegations in Paragraph 38.

## AFFIRMATIVE DEFENSES

Plaintiffs do not knowingly or intentionally waive any applicable affirmative defenses and reserve the right to assert and rely upon such affirmative defenses as may become available or apparent during discovery. Plaintiffs further reserve the right to amend their Answer accordingly.

## PRAYER FOR RELIEF

The "WHEREFORE" paragraph following paragraph 38 of the Counterclaims and the fourteen lettered paragraphs a.–n. that follow it purport to state Actavis' prayer for relief, to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations set forth in the "WHEREFORE" paragraph following paragraph 38 of the

Counterclaims and the fourteen lettered paragraphs a.–n. that follow it and deny that Actavis is entitled to any of the relief described therein, or to any other relief whatsoever.

Plaintiffs deny any and all allegations of the Counterclaims not expressly admitted herein.

WHEREFORE, Plaintiffs respectfully request the following relief:

A. An order dismissing Actavis' Counterclaims with prejudice, and a judgment that Actavis is not entitled to the relief sought, or to any other relief on its Counterclaims;

B. An order granting each and every Prayer for Relief sought by Plaintiffs in their Complaint;

C. An award of costs and expenses to Plaintiffs in defending against the Counterclaims; and

D. Such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A Tigan*

OF COUNSEL:

Daniel A. Ladow
James M. Bollinger
Timothy P. Heaton
J. Magnus Essunger
Katherine Harihar
Gerald E. Porter
TROUTMAN SANDERS LLP
875 Third Avenue
New York, New York 10022
(212) 704-6000

Charanjit Brahma
TROUTMAN SANDERS LLP
580 California Street
Suite 1100
San Francisco, CA 94104
(415) 477-5700

Jack B. Blumenfeld (#1014)
Jeremy A Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Plaintiffs*

6

Daniel Sharpe
TROUTMAN SANDERS LLP
401 9th Street NW, Suite 1000,
Washington, DC 20004
(202) 274-2950

*Attorneys for Plaintiffs Indivior Inc. and Indivior UK Limited*

Jeffrey B. Elikan
Jeffrey H. Lerner
R. Jason Fowler
Ashley M. Kwon
COVINGTON & BURLINGTON LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
(202) 662-6000

*Attorneys for Plaintiffs Indivior Inc. and Indivior UK Limited*

James F. Hibey
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, D.C. 20036
(202) 429-6407

Cassandra A. Adams
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 378-7615

Jamie Lucia
STEPTOE & JOHNSON LLP
1 Market Street
Steuart Tower, Suite 1800
San Francisco, CA 94105
(415) 365-6700

*Attorneys for Plaintiff Aquestive Therapeutics, Inc.*

June 21, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 21, 2018, upon the following in the manner indicated:

| | |
|---|---|
| John C. Phillips, Jr., Esquire<br>Megan C. Haney, Esquire<br>PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.<br>1200 North Broom Street<br>Wilmington, DE  19806<br>*Attorneys for Defendant Actavis Laboratories UT, Inc.* | VIA ELECTRONIC MAIL |
| Michael K. Nutter, Esquire<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, IL  60601<br>*Attorneys for Defendant Actavis Laboratories UT, Inc.* | VIA ELECTRONIC MAIL |
| Stephen R. Smerek, Esquire<br>David P. Dalke, Ph.D.<br>WINSTON & STRAWN LLP<br>333 South Grand Avenue, 38th Floor<br>Los Angeles, CA  90071-1543<br>*Attorneys for Defendant Actavis Laboratories UT, Inc.* | VIA ELECTRONIC MAIL |
| Corinne Stone , Esquire<br>WINSTON & STRAWN LLP<br>1111 Louisiana, 25th Floor<br>Houston, TX  77002<br>*Attorneys for Defendant Actavis Laboratories UT, Inc.* | VIA ELECTRONIC MAIL |

*/s/ Jeremy A Tigan*

Jeremy A Tigan (#5239)